J-S21008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL LAMONT ELLIS | |
| Appellant | No. 726 WDA 2016 |

Appeal from the PCRA Order April 29, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003801-2012

BEFORE:  LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 04, 2017**

Michael Lamont Ellis appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing, without a hearing, his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  After our review, we affirm.

The facts of this case are set forth in this Court's unpublished memorandum decision in **Commonwealth v. Ellis**, 116 A.3d 692 (Pa. Super. 2014):

> Officers Jeffrey Labella and Elizabeth Vitalbo of the Pittsburgh Police Department were on patrol duty in the early morning hours of December 31, 2011, in the Point Breeze/Squirrel Hill area of [Pittsburgh]. At approximately 3:40 a.m., the officers observed [a] black Jeep on Penn Avenue swerving on the roadway. Appellant's vehicle made a right-hand turn against a

_____

[*] Retired Senior Judge assigned to the Superior Court.

red light on South Dallas Avenue without stopping or signaling. On Dallas, the officers observed the Jeep continue to swerve and cross the centerline and travel off the roadway to the right-hand side. After observing these traffic violations, the officers activated their lights and sirens and attempted a traffic stop. The Jeep did not come to a complete stop, but the engine remained on and the officers testified that the Jeep appeared to inch forward as they approached. Using the police vehicle's P.A. system, the officers got [Ellis] to finally put his vehicle in park. However, [Ellis] did not pull over to the curb, but stopped the car in the middle of the road. When the officers approached, they suspected that he might be intoxicated upon observing his glassy and bloodshot eyes and hearing his slurred speech. [Ellis] failed to comply with the officers' verbal instructions to put the car in park. Instead, he turned the steering wheel in the direction of Officer Labella and drove away at a rapid speed. Officer Labella had to jump backwards into the opposing lane of traffic to avoid being struck by appellant's car. The officers immediately pursued appellant's vehicle. [Ellis] drove erratically through a residential neighborhood; he was driving approximately 60 miles per hour in a 25-miles-per-hour zone. He went through two red lights without pausing or stopping, [one] at the corner of Wilkins and Beechwood and one at Wilkins and Shady. Near the intersection of Wilkins and Wightman, [Ellis'] vehicle crossed the opposite lane of traffic and went up on the sidewalk. The vehicle then hit several parked vehicles and two telephone poles. The vehicle finally came to rest head-on with a tree. The officers approached with guns drawn and instructed [Ellis] to show his hands; [Ellis] did not comply. To remove appellant from the vehicle, Officer Labella had to smash the passenger side window, as the doors would not open. [Ellis] was pulled through the window and placed under arrest. [Ellis] was transported to Mercy Hospital where Officer Kevin Walters, an impaired driving specialist, obtained his consent to a blood draw for chemical testing. As he consented, refusal warnings were not read to [Ellis]. [Ellis'] blood alcohol content was .242. [Ellis] filed a motion to suppress. Following a hearing, the Honorable Jill E. Rangos denied [Ellis'] motion.

**Ellis**, **supra** at *1-3 (citations omitted).

Following a two-day trial, a jury convicted Ellis of driving under the influence ("DUI") .16 or higher,[1] DUI-causing accident,[2] DUI-general impairment,[3] recklessly endangering another person ("REAP"),[4] driving while operator's license is under suspension or revoked,[5] fleeing or attempting to elude police,[6] and numerous summary offenses. The court sentenced Ellis to an aggregate term of 12 to 72 months' incarceration and a consecutive period of three years' probation. Ellis filed a post-sentence motion, which was denied, and on direct appeal, this Court affirmed. **Ellis**, **supra**. The Pennsylvania Supreme Court denied allowance of appeal on April 28, 2015. **Commonwealth v. Ellis**, 114 A.3d 1038 (Pa. 2015) (Table).

On June 8, 2015, Ellis filed a *pro se* PCRA petition.[7] The court appointed counsel, who filed an amended petition on March 21, 2016. The Commonwealth filed an answer on April 7, 2016 and the PCRA court filed a

_____

[1] 18 Pa.C.S.A. § 3802(c).

[2] 18 Pa.C.S.A. § 3803(b)(1).

[3] 18 Pa.C.S.A. § 3802(a)(1).

[4] 18 Pa.C.S.A. § 2705.

[5] 18 Pa.C.S.A. § 1543(b).

[6] 75 Pa.C.S.A. § 3733.

[7] The trial court's opinion states that Ellis' *pro se* petition was filed on July 1, 2015. The trial court's docket, however, indicates the petition was in fact filed on June 8, 2015.

notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on April 8, 2016. Ellis filed his response to the notice on April 28, 2016, and the PCRA court entered its order dismissing Ellis' petition on April 29, 2016. Ellis appealed, and he raises the following issues for our review:

1. Was trial counsel ineffective for failing to produce [arresting] Officer Jeffrey Labella and EMT Jill Fox as witnesses at [Ellis'] suppression hearing?

2. Was trial counsel ineffective in failing to object to a gross exaggeration made by the ADA during his opening statement to the effect that police were forced to chase [Ellis] for nearly three miles through the streets of Pittsburgh?

3. Did the Commonwealth commit a **Brady**[8] violation in failing to provide a copy of a transcript of the questioning of Officer Jeffrey Labella taken as part of an internal investigation of Ellis' arrest?

4. Did the transcript of a statement made by Officer Jeffrey Labella and the testimony of Officer Labella and EMT Jill Fox offered in a federal civil rights suit constitute exculpatory evidence not available at the time of trial under the PCRA which compels the granting of a new trial?

Appellant's Brief, at 3.

_____

[8] **Brady v. Maryland**, 373 U.S. 83, 87 (1963) ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). To establish a **Brady** violation, a defendant must demonstrate the evidence at issue was favorable to him, either exculpatory or used as impeachment; prosecution either willfully or inadvertently suppressed the evidence; and defendant was prejudiced.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101, 108 (Pa. Super. 2011). This Court grants great deference to the PCRA court's findings if supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). However, we are not bound by the PCRA court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012). Further, there is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

After our review of the record, the briefs of the parties, the applicable law, and the opinion of the Honorable Jill E. Rangos, we conclude Ellis' claims on appeal merit no relief. Judge Rangos' opinion properly disposes of the questions presented. ***See*** PCRA Court Opinion, 11/2116, at 4-6 (finding: counsel not ineffective for failing to call witnesses not present at hospital during disputed blood draw; although both witnesses may have corroborated some of Ellis' testimony as to what occurred during ambulance ride, neither was present during blood draw that Ellis claims was made

without consent;[9] counsel was not ineffective for failing to object to Ellis' allegation that prosecutor exaggerated distance Ellis attempted to elude police, claiming it was one mile, not three miles as referenced by prosecutor; no **Brady** violation where Ellis failed to establish reasonable basis the evidence at issue was material to his defense; and civil trial transcript not relevant as Officer Labella and EMT Fox were present in ambulance, not at hospital, where disputed consent occurred).

We agree with the reasoning of the PCRA court, which is supported by the record and free of legal error, and we affirm on the basis of Judge Rangos' opinion. We direct the parties to attach that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/4/2017

_____

[9] Ellis acknowledges in his brief that the testimony to which he points, that of Officer Labella and EMT Fox, refers to the exchange that occurred in the ambulance, not at the hospital. Appellant's Brief, at 6.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA       CRIMINAL DIVISION

     v.       CC No. 201203801

MICHAEL ELLIS

Appeal of:

MICHAEL ELLIS,

     Appellant

## OPINION

RANGOS, J.           November 21, 2016

Appellant, Michael Ellis, appeals the Order of Court which dismissed his Post-Conviction

Relief Act (PCRA) Petition. On July 1, 2015, Appellant filed a *pro* se Petition for Post Conviction

Relief.[1] Appointed counsel filed an Amended PCRA Petition on March 21, 2016. On April 7, 2016,

the Commonwealth filed its Answer and on April 29, 2016, this Court dismissed the Petition without

a hearing. Appellant filed a Notice of Appeal on May 19, 2016 and a Concise Statement of Errors

Complained of on Appeal on June 20, 2016.

---

[1] For additional procedural history and a summary of the relevant facts of the case, see *Commonwealth v. Ellis*, 1560 WDA 2013, at 1-3 (December 18, 2014).

## MATTERS COMPLAINED OF ON APPEAL

In his Concise Statement Appellant raises four issues on appeal. Appellant alleges that this Court erred in not finding trial counsel ineffective for failing to call Officer Jeffrey Labella and EMT Jill Fox in support of his suppression motion. Next, Appellant claims that this Court erred in not finding trial counsel ineffective for failing to object to the Assistant District Attorney ("ADA") exaggerating a distance during the Commonwealth's opening statement. Appellant further alleges that this Court erred in failing to find that the Commonwealth had committed a *Brady* violation. Lastly, Appellant alleges that this Court erred in failing to find as exculpatory evidence the civil trial testimony of Officer Labella and EMT Fox. (Concise Statement of Errors Complained of on Appeal, at 2-3).

## DISCUSSION

Appellant alleges that trial counsel was ineffective for failing to call Officer Jeffrey Labella and EMT Jill Fox in support of his suppression motion. The test for ineffective assistance of counsel is whether the underlying claim is of arguable merit; counsel's performance lacked a reasonable basis; and the ineffectiveness of counsel caused him prejudice. *Commonwealth v. Williams*, 899 A.2d 1060, 1063 (Pa. 2006). Prejudice is established if "there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127-1128 (Pa. 2011).

Failure to call a witness may constitute ineffective assistance if trial counsel had no reasonable basis to refrain from calling the witness. *Commonwealth v. Cross*, 634 A.2d 173, 175 (Pa. 1993). To establish ineffectiveness, Appellant must establish that the witness was available and willing to testify at trial, that counsel knew or should have known about the witness, and the absence of the witness prejudiced Appellant and denied him a fair trial. *Commonwealth v. Fletcher*, 750 A.2d 262, 275 (Pa. 2000).

3

If Officer Labella had testified, he may have confirmed that Appellant refused the initial blood draw in the ambulance. However, he also may have directly contradicted Appellant's testimony about police officers having beaten Appellant and held him down to take his blood without his consent. Fox would also likely testify that Appellant refused a blood draw in the ambulance. She also likely would deny attempting to take Appellant's blood without his consent. In addition, neither Officer Labella nor Fox were present at the hospital where the disputed blood draw occurred. Therefore, the proposed testimony marginally corroborated Appellant's refusal to submit to a blood draw in the ambulance, but would not shed additional light on the blood draw at the hospital and may have adversely affected Appellant's assertion that he was beaten and held down in the ambulance. Therefore, it was a reasonable trial strategy to not call these witnesses and trial counsel's decision to not use them at the suppression hearing does not constitute ineffective assistance.

Next, Appellant alleges that trial counsel was ineffective for failing to object to the Commonwealth's opening statement, which included a remark that the police pursued Appellant for "almost three miles," when in fact the distance was approximately one mile. Appellant alleges this mischaracterization of distance constituted prosecutorial misconduct. Not every improper remark requires a new trial, and the benchmark for misconduct is the fairness or the trial, not the culpability of the prosecutor. *Commonwealth v. Riveria*, 108 A.3d 779 (Pa. 2014). "[C]omments by a prosecutor constitute reversible error where their unavoidable effect is to prejudice the jury, forming in the jurors' minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." *Commonwealth v. Hutchinson*, 25 A.3d 277, 307 (Pa. 2011). The Commonwealth witnesses did not support the distance estimate made by the prosecutor in opening statements, a fact which could cause the jury to look at the arguments of the prosecutor less favorably. Furthermore, this Court gave the standard jury instruction to the jury that the statements and arguments of counsel are not evidence and not to be considered by the jury as such. (TT 17-18) Juries

4

are presumed to follow the Court's instructions. *Commonwealth v. Brown*, 786 A.2d 961, 971 (Pa. 2001). Additionally, whether Appellant fled police for one mile or three is of no moment. An exaggeration of a fact which does not relate to an element of any of the offenses does not establish a reasonable probability that the outcome of the proceedings would change.

Turning to Appellant's next allegation, Appellant alleges that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose a transcript of an interview of Officer Labella by the Office of Municipal Investigation. The transcript related to a police internal affairs investigation, and was part of the Officer's personnel file but not the criminal investigation file. Appellant is not entitled to a complete review of an Officer's personnel file in the hopes of discovering exculpatory information. *Commonwealth v. Mejia-Arias*, 734 A.2d 870, 876 (Pa. Super. 1999). If Appellant's counsel had specifically requested this document, which he did not, he would have to demonstrate a reasonable basis for the request which is likely to produce admissible evidence. *Id.* Additionally, this Court questions the relevancy of the transcript, as Officer Labella was available to testify at the suppression hearing and was not called, and he testified at trial but was not asked about any statements made by Appellant regarding consent to a blood draw. Furthermore, as stated above, the relevant inquiry at suppression was the period of time at the hospital, not while Appellant was in the ambulance. Since Appellant did not request the document, and has not established that it would be admissible evidence, no *Brady* violation occurred and this Court did not err in denying Appellant's PCRA as it relates to this issue.

Lastly, Appellant alleges that this Court erred in failing to find as exculpatory evidence the civil trial testimony of Officer Labella and EMT Fox. As previously stated, Fox and Officer Labella were not present at the hospital where Appellant's blood was drawn. They can only corroborate Appellant's testimony that he refused consent in the ambulance, a fact which was not in dispute. Therefore, their

5

testimony does not constitute critical exculpatory evidence and this Court did not err in failing to grant a new trial on the basis of that testimony.

## CONCLUSION

For all of the above reasons, no reversible error occurred and the findings and rulings of this Court should be AFFIRMED.

BY THE COURT:

Jill E Rangos _____ J.